# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA KUBIAK, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> STERLING JEWELERS, INC. d/b/a ) <br> KAY JEWELERS, ) <br> ) <br> Defendant. ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

PATRICIA KUBIAK ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against STERLING JEWELERS, INC. d/b/a KAY JEWELERS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et. seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15236.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is corporation with its principal place of business located at 375 Ghent Road, Fairlawn, Ohio 44333.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Beginning in or around August 2014, and continuing through September 2014, Defendant called Plaintiff on her cellular telephone.

13. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Defendant's telephone calls were not made for "emergency purposes."

15. Defendant called Plaintiff, on average, three (3) to four (4) times a day during the relevant period.

16. On at least one occasion, Plaintiff spoke with Defendant and told them that she did not have the money and that she did not want to be called anymore.

17. Defendant heard Plaintiff's instructions to stop calling; however, it did not update its records to stop the calls to Plaintiff's cellular telephone.

18. Rather, it continued to call her cellular telephone multiple times a day.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, in and August 2014, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATRICIA KUBIAK, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PATRICIA KUBIAK, demands a jury trial in this case.

RESPECTFULLY    SUBMITTED,


Date:  07-09-15                         By:*/s/ Craig Thor Kimmel*_____
                                                  CRAIG THOR KIMMEL
                                                  Attorney ID No. 57100
                                                  Kimmel & Silverman, P.C.
                                                  30 E. Butler Pike
                                                  Ambler, PA 19002
                                                  Phone: (215) 540-8888
                                                  Fax: (877) 788-2864
                                                  Email:    kimmel@creditlaw.com